IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3: 21-cr-30118-DWD |
| | ) |
| JAYKUMAR PATEL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**DUGAN, District Judge:**

Before the Court is the Motion to Withdraw as Counsel, Find Defendant Indigent for Purposes of the Appeal, and to Appoint Counsel for the Appeal ("Motion") (Doc. 58). On June 28, 2022, Defendant pled guilty to Count I of the Indictment. (Doc. 35). On January 5, 2023, Defendant was sentenced to 72 months of imprisonment on Count I of the Indictment. (Doc. 53). After that term of imprisonment, Defendant is to be placed on supervised release for a term of 3 years. (Doc. 53). Further, Defendant is required to pay restitution in the amount of $206,300, a fine in the amount of $25,000, and a special assessment in the amount of $100. (Doc. 53). Judgment was entered that same day. (Doc. 56). On January 11, 2023, Defendant's attorney filed a Notice of Appeal. (Doc. 59). Through that date, Defendant was represented by retained counsel, Mr. Roger Futerman.

Also on January 11, 2023, which was the same day Defendant filed a Notice of Appeal, Mr. Futerman filed the instant Motion. In support of that Motion, Mr. Futerman states he was retained to represent Defendant at the trial stage. (Doc. 58, pg. 1). Mr.

Futerman was not retained by Defendant for purposes of an appeal. (Doc. 58, pg. 1). However, Mr. Futerman acknowledges that Defendant does not have the financial means to retain counsel for purposes of an appeal. (Doc. 58, pg. 1). Mr. Futerman also stated:

> Presently Mr. Patel is incarcerated. Defense counsel is located in Pinellas County, Florida and has mailed Mr. Patel a CJA23 Financial Affidavit for his signature with instructions to mail it back to counsel's office. Upon receipt, counsel will file the financial affidavit for Mr. Patel.

(Doc. 58, pg. 2).

Seventh Circuit Rule 51(a), in part, states: "Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client wishing to appeal unless specifically relieved by the court of appeals upon a motion to withdraw." *See* Seventh Circuit Rule 51(a); *see also U.S. v. Flowers*, 789 F.2d 569, 570 (7th Cir. 1986) (stating only the Seventh Circuit may allow defense counsel to withdraw after the entry of a judgment in the district court); *accord Corral v. U.S.*, 498 F.3d 470, 474 (7th Cir. 2007). Here, it is clear that the request for a withdrawal and the appointment of appellate counsel must be filed in the Seventh Circuit.

Further, in support of the request for a finding of indigence, Mr. Futerman merely states Defendant does not have the financial means to retain appellate counsel. (Doc. 58, pg. 1). While a CJA23 Financial Affidavit is referenced in the Motion, such an affidavit, to date, has not been filed with the Court. Seventh Circuit Rule 51(a) provides:

> If the client was not found to be eligible for Criminal Justice Act representation in the district court but appears to qualify on appeal, trial counsel must immediately assist the client in filing in the district court a motion to proceed as one who is financially unable to obtain an adequate defense in a criminal case. This motion must be accompanied by an affidavit

> containing substantially the same information as contained in Form 4 of the Appendix to the Federal Rules of Appellate Procedure. If the motion is granted, the court of appeals will appoint trial counsel as appellate counsel unless the district court informs the court of appeals that new counsel should be appointed. If the motion is denied by the district court, trial counsel may file a similar motion in the court of appeals.

Seventh Circuit Rule 51(a).

Here, under Rule 51(a), the record is presently insufficient for a finding of indigence. Again, an affidavit has not been received. In the absence of such an affidavit or other documentation showing Defendant's financial status, the Court cannot make an informed decision.

For all of these reasons, the Motion is **DENIED**. If Defendant still seeks a finding of indigence, he must assess whether it is appropriate to refile that request, with the proper documentation, in this Court or in the Seventh Circuit.

**SO ORDERED.**

Dated: February 2, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge