IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3: 21-cr-30118-DWD |
| ) | |
| JAYKUMAR PATEL, ) | |
| ) | |
| Defendant. ) | |

### ORDER

**DUGAN, District Judge:**

Before the Court is the Renewed Motion to Withdraw as Counsel, Find Defendant Indigent for Purposes of the Appeal, and to Appoint Counsel for the Appeal ("Renewed Motion") (Doc. 65). On June 28, 2022, Defendant pled guilty to Count I of the Indictment. (Doc. 35). On January 5, 2023, Defendant was sentenced to 72 months of imprisonment on Count I of the Indictment. (Doc. 53). After that term of imprisonment, Defendant is to be placed on supervised release for 3 years. (Doc. 53). Further, Defendant is required to pay restitution in the amount of $206,300, a fine in the amount of $25,000, and a special assessment in the amount of $100. (Doc. 53). Payments are to begin immediately in monthly installments of $500. (Doc. 56, pg. 7). Judgment was entered that same day. (Doc. 56). On January 11, 2023, Defendant's attorney filed a Notice of Appeal. (Doc. 59). Through that date, Defendant was represented by retained counsel, Mr. Roger Futerman.

Also on January 11, 2023, which was the same day Defendant filed a Notice of Appeal, Mr. Futerman filed the Motion at Doc. 58. On February 2, 2023, that Motion was

1

denied because it was clear that the request for a withdrawal and the appointment of appellate counsel had to be filed in the Seventh Circuit. (Doc. 63, pg. 2). Further, with respect to the request for a finding of indigence, the Motion was presently insufficient due to the absence of a financial affidavit for Defendant. (Doc. 63, pgs. 2-3).

Now, in support of the Renewed Motion, Mr. Futerman restates that he was retained to represent Defendant at the trial stage. (Doc. 65, pg. 1). Mr. Futerman was not retained for an appeal. (Doc. 65, pg. 1). However, Mr. Futerman acknowledges Defendant does not have the financial means to retain counsel for an appeal. (Doc. 65, pg. 1). Further, with the Renewed Motion, the Court has been provided a financial affidavit for Defendant. (Doc. 65-1). That financial affidavit indicates, during the past 12 months, Defendant was self-employed and earned $36,000 in gross income. (Doc. 65-1, pg. 2). He also received a gift of $500. (Doc. 65-1, pg. 2). Defendant's spouse earned $28,000 over the past 12 months. (Doc. 65-1, pg. 2). Defendant and his spouse have $3000 in cash. (Doc. 65-1, pg. 5). Defendant's spouse has $1200 in a SunCost account. (Doc. 65-1, pg. 5). Further, Defendant and/or his spouse own a vehicle, valued at $55,000. (Doc. 65-1, pg. 5). Defendant and his spouse have an 8-month-old son who relies on them for support. (Doc. 65-1, pg. 3). Defendant estimated that he and his spouse have $2165 and $2285, respectively, in monthly expenses. (Doc. 65-1, pg. 4). For these reasons, Mr. Futerman requests that the Court now grant his withdrawal from the case, find Defendant indigent for purposes of an appeal, and appoint counsel for Defendant on appeal. (Doc. 65, pg. 2).

Seventh Circuit Rule 51(a), in part, provides:

> Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal *unless specifically relieved by the court of appeals upon a motion to withdraw*. Such relief shall be freely granted…. If the client was not found to be eligible for Criminal Justice Act representation in the district court but appears to qualify on appeal, trial counsel must immediately assist the client in filing in the district court a motion to proceed as one who is financially unable to obtain an adequate defense in a criminal case. This motion must be accompanied by an affidavit containing substantially the same information as contained in Form 4 of the Appendix to the Federal Rules of Appellate Procedure. If the motion is granted, the court of appeals will appoint trial counsel as appellate counsel *unless the district court informs the court of appeals that new counsel should be appointed*. If the motion is denied by the district court, trial counsel may file a similar motion in the court of appeals.

Seventh Circuit Rule 51(a) (Emphasis added.)

Here, Mr. Futerman's requests to withdraw and for the appointment of appellate counsel are again **DENIED**. Only the Seventh Circuit may allow Mr. Futerman's post-judgment withdrawal. *See id.*; *U.S. v. Flowers*, 789 F.2d 569, 570 (7th Cir. 1986); *accord Corral v. U.S.*, 498 F.3d 470, 474 (7th Cir. 2007). However, based on Defendant's financial affidavit and the restitution, fine, and special assessment ordered by the Court, the Court **FINDS** Defendant is indigent. (Doc. 65-1). The Court **GRANTS** Defendant permission to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). Under Rule 51(a), the Court informs the Seventh Circuit that new counsel should be appointed for Defendant on appeal. The Clerk of the Court is **DIRECTED** to send a copy of this Order to the Seventh Circuit.

Accordingly, the Renewed Motion is **GRANTED in part** and **DENIED in part**.

**SO ORDERED.**

Dated: February 6, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

3